UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIMERICA LIFE INSURANCE COMPANY, formerly known as MASSACHUSETTS INDEMNITY AND LIFE INSURANCE COMPANY,<br><br>    Plaintiff-in-Interpleader,<br><br>vs.<br><br>FRANCES J. VIRAY; MARLOWE VIRAY, DJARON VIRAY, KATREILLA VIRAY, a minor, RAILLAN VIRAY, a minor; and DOES 1 through 20, inclusive,<br><br>    Defendants-in-Interpleader.<br>-------------------------------------------------------<br>MARLOWE VIRAY AND DJARON VIRAY,<br><br>    Crossclaimants,<br><br>vs.<br><br>FRANCES J. VIRAY,<br><br>    Crossdefendant.<br>_____/ | Case Number: C 08-04378 CW<br>Honorable Claudia Wilken<br>Department 2<br><br>1) STIPULATION FOR DISCHARGE AND DISMISSAL WITH PREJUDICE; AND<br>2) ~~[PROPOSED]~~ ORDER |

//

//

STIPULATION AND [PROPOSED] ORDER - C 08-04378 CW

On March 10, 2009, a case management conference came on regularly for hearing in the above-referenced court, the Honorable Judge Claudia Wilken presiding. The following parties appeared:

Karen Denvir by telephonic appearance on behalf of Plaintiff Primerica Life Insurance Company, formerly known as Massachusetts Indemnity and Life Insurance Company ("Primerica"); Nancy Lara-Moscardini on behalf of Defendant Frances J. Viray; Defendant Katreilla Viray on her own behalf; James D. Frangos and Spiros Fousekis on behalf of Defendants Marlowe Viray and Djaron Viray; and Frances Viray on behalf of minor Defendant Raillan Viray as his guardian, though Raillan was not present at the conference.

To avoid the expense and rigors of trial, the parties met and have agreed to compromise and resolve their dispute. Specifically, at the conference, the Defendants-in-Interpleader agreed, on the record, to split in equal 1/5 shares the total amount of Donald Viray's life insurance policy number 0420778112 ("Policy"), proceeds less Primerica's attorneys fees and costs. Judge Wilken entered the settlement on the record.

## STIPULATION

NOW, THEREFORE, the parties stipulate and agree, subject to the court's approval, as follows:

A. That Primerica and its agents be discharged of all liability with respect to the Policy and/or the proceeds of the Policy and be discharged with prejudice from all liability with respect to all rights and obligations arising under and/or relating to the Policy;

B. That Defendants-in-Interpleader and each of them, their agents, attorneys or assigns, be enjoined perpetually, restraining each of them, their agents, attorneys or assigns, from instituting any suit at law or equity, or action of any kind whatsoever, against Primerica with respect to the Policy or the proceeds of the Policy;

C. That Primerica be dismissed from this action with prejudice to all claims relating to the Policy benefits and Policy insuring the life of the Deceased;

D. That Primerica be awarded its reasonable attorneys' fees and costs in the amount of $12,353.57, which Primerica was forced to incur in bringing its interpleader action, and which

-1-
STIPULATION AND [PROPOSED] ORDER - C 08-04378 CW

amount is to be paid from the Interpled Funds currently on deposit with this court in the amount of $216,493.15;

E. That the funds deposited with the court by Primerica will be released to the attorney-client trust account of James D. Frangos, Attorney at law, who shall hold the funds in trust and distribute the funds as follows:

I) Attorneys' fees and costs incurred in the amount of $12,353.57 will be distributed to Primerica from the total proceeds;

II) Attorneys' fees in the amount of $540.00 will be distributed to attorney Dick Bennett from the total proceeds;

III) After deducting Primerica's $12,353.57 and Dick Bennett's $540.00 in fees, the remaining balance will be distributed in five equal shares as follows: 1/5 to Frances Viray, 1/5 to Marlowe Viray, 1/5 to Djaron Viray, 1/5 to Katreilla Viray, and 1/5 deposited directly to a trust account for Raillan Viray as set up by his guardian Frances Viray;

IV) Frances Viray, as Raillan Viray's guardian, shall set up a trust account for Raillan's funds, which will be released when Raillan Viray reaches 18 years of age;

V) Marlowe Viray, Djaron Viray, and Katreilla Viray will each set up trust accounts, with trustees of their choosing, in which to deposit their respective shares of the proceeds;

VI) Frances Viray's portion shall be distributed to her attorney Nancy Lara-Moscardini. Any attorney fees of Frances Viray are to be paid from Frances Viray's share;

VII) Any attorney fees expended by Marlowe Viray and Djaron Viray shall be paid out of the probate proceedings by application to the probate court for extraordinary services;

F. That the appointment of Frances Viray as Guardian ad litem for Raillan Viray is

subject to an independent attorney's review. The parties have agreed on Dick Bennett as the independent attorney. Dick Bennett's fee of $540.00 will paid from the total proceeds, prior to splitting the proceeds into five equal shares;

  G. That the court acknowledges that the Defendants Frances Viray, Katreilla Viray, Marlowe Viray and Djaron Viray all agreed on the record to be bound by the terms of this settlement and that the settlement is reasonable;

  H. That as part of this agreement, the cross-complaint action shall be dismissed; and

  I. That the parties agree that this stipulation may be executed in counterparts.

Date:

_____
Karen D.M. Denvir
Attorney for Plaintiff Primerica Life Insurance Company, formerly known as Massachusetts Indemnity and Life Insurance Company

Date: 4/8/09

*/s/ James D. Frangos/*
James D. Frangos, Esq.
Attorney for Defendants Marlowe Viray and Djaron Viray

Date:

_____
Nancy Lara-Moscardini
Attorney Defendant Frances Viray

Date: 4/08/2009

*/s/ Marlowe Viray/*
Marlowe Viray
Defendant

Date:

_____
Katreilla Viray
Defendant

Date:

_____
Frances Viray
Defendant

Date: 4/8/2009

*/s/ Djaron Viray/*
Djaron Viray
Defendant

Date:

_____
Frances Viray
As Guardian for Defendant Raillan Viray

-3-

STIPULATION AND [PROPOSED] ORDER - C 08-04378 CW

subject to an independent attorney's review. The parties have agreed on Dick Bennett as the independent attorney. Dick Bennett's fee of $540.00 will paid from the total proceeds, prior to splitting the proceeds into five equal shares;

    G.    That the court acknowledges that the Defendants Frances Viray, Katreilla Viray, Marlowe Viray and Djaron Viray all agreed on the record to be bound by the terms of this settlement and that the settlement is reasonable;

    H.    That as part of this agreement, the cross-complaint action shall be dismissed; and

    I.    That the parties agree that this stipulation may be executed in counterparts.

Date: April 6, 2009

*[signature: Karen Denvir]*

Karen D.M. Denvir
Attorney for Plaintiff Primerica Life Insurance Company, formerly known as Massachusetts Indemnity and Life Insurance Company

Date:

_____
Nancy Lara-Moscardini
Attorney Defendant Frances Viray

Date:

_____
Marlowe Viray
Defendant

Date:

_____
Katreilla Viray
Defendant

Date:

_____
James D. Frangos, Esq.
Attorney for Defendants Marlowe Viray and Djaron Viray

Date:

_____
Frances Viray
Defendant

Date:

_____
Djaron Viray
Defendant

Date:

_____
Frances Viray
As Guardian for Defendant Raillan Viray

-3-

STIPULATION AND [PROPOSED] ORDER - C 08-04378 CW

subject to an independent attorney's review. The parties have agreed on Dick Bennett as the independent attorney. Dick Bennett's fee of $540.00 will paid from the total proceeds, prior to splitting the proceeds into five equal shares;

G. That the court acknowledges that the Defendants Frances Viray, Katreilla Viray, Marlowe Viray and Djaron Viray all agreed on the record to be bound by the terms of this settlement and that the settlement is reasonable;

H. That as part of this agreement, the cross-complaint action shall be dismissed; and

I. That the parties agree that this stipulation may be executed in counterparts.

Date:

---

Karen D.M. Denvir
Attorney for Plaintiff Primerica Life Insurance Company, formerly known as Massachusetts Indemnity and Life Insurance Company

Date: April 16, 2009

---

Nancy Lara-Moscardini
Attorney Defendant Frances Viray

Date:

---

Marlowe Viray
Defendant

Date: APRIL 17, 2009

---

Katreilla Viray
Defendant

Date:

---

James D. Frangos, Esq.
Attorney for Defendants Marlowe Viray and Djaron Viray

Date: APRIL 16, 2009

---

Frances Viray
Defendant

Date:

---

Djaron Viray
Defendant

Date: APRIL 16, 2009

---

Frances Viray
As Guardian for Defendant Raillan Viray

-3-

**ORDER**

WHEREFORE, the court orders as follows:

1. Primerica and its agents are discharged of all liability with respect to the Policy and/or the proceeds of the Policy and are discharged with prejudice from all liability with respect to all rights and obligations arising under and/or relating to the Policy;

2. Defendants-in-Interpleader and each of them, their agents, attorneys or assigns, are enjoined perpetually, restraining each of them, their agents, attorneys or assigns, from instituting any suit at law or equity, or action of any kind whatsoever, against Primerica with respect to the Policy or the proceeds of the Policy;

3. Primerica is dismissed from this action with prejudice to all claims relating to the Policy benefits and Policy insuring the life of the Deceased;

4. Primerica is awarded its reasonable attorneys' fees and costs in the amount of $12,353.57, which Primerica was forced to incur in bringing its interpleader action, and which amount is to be paid from the Interpled Funds currently on deposit with this court in the amount of $216,493.15;

5. The life insurance proceeds deposited with the court in the amount of $216,493.15 shall be paid to the order of James D. Frangos' Attorney-Client Trust Account;

6. The above funds will be paid out as follows:

    A. Plaintiff Primerica is to be paid $12,353.57 in attorneys fees and costs from the total proceeds.

    B. Attorney Dick Bennett is to be paid $540.00 in attorneys fees from the total proceeds.

    C. The remainder of the funds will be split into five (5) equal shares to be distributed to: Frances Viray, Marlowe Viray's Trust Account, Djaron Viray's Trust Account, Katreilla Viray's Trust Account, and Raillan Viray's Trust Account;

7. Frances Viray's share shall be distributed to her attorney, Nancy Lara-Moscardini's

-4-

1  Trust Account.  All of Frances Viray's attorney's fees are to be paid from Frances Viray's share of
2  the proceeds.  Marlowe and Djaron Viray's attorney's fees will be paid subject to the probate
3  proceedings for the Estate of Donald Viray;

4      8. Raillan Viray's share of the proceeds will be deposited into a trust account
5  in his name, which he will not be able to access until he turns 18 years old;

6      9. The court, pursuant to Dick Bennett's independent review and supporting
7  declaration, appoints Frances Viray as Guardian ad litem for Raillan Viray;

8      10. The respective shares for Marlowe Viray, Djaron Viray, and Katreilla Viray will each
9  be deposited into separate trust accounts in each child's name.  Marlowe, Djaron, and Katreilla will
10 each be responsible for creating their own trust account;

11     11. Defendants Marlowe and Djaron Virays' cross-complaint is dismissed.

12 IT IS SO ORDERED.

14 Date:  4/20/09

                             Honorable Claudia Wilken
                             U.S. District Court Judge